**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>Peabody Energy Corporation, *et al*.<br><br>Debtors. | Chapter 11<br><br>Case No. 16-42529-399<br><br>(Jointly Administered) |

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

**Part 1: Identify the appellant(s)**

1. Name of appellant(s): Ad Hoc Committee of Non-Consenting Creditors.[1]

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

| For appeals in an adversary proceeding. | For appeals in a bankruptcy case and not in an adversary proceeding. |
|---|---|
| ☐ Plaintiff | ☐ Debtor |
| ☐ Defendant | ☒ Creditor |
| ☐ Other (describe) _____ | ☐ Trustee |
| | ☐ Other (describe) _____ |

---

[1] The Ad Hoc Committee of Non-Consenting Creditors (the "Ad Hoc Committee") is comprised of certain beneficial holders of, and/or investment managers or advisors to, certain beneficial holders of, among other things, Second Lien Notes (the 10.00% senior secured second lien notes issued in March 2015 and due March 2022) and Unsecured Senior Notes ((a) the 6.00% senior notes issued in November 2011 and due November 2018, (b) the 6.50% senior notes issued in August and due in September 2020, (c) the 6.25% senior notes issued in November and due in November 2021, and (d) the 7.875% senior notes issued in October 2006 and due in November 2026),  issued by the Debtors in the above-captioned chapter 11 cases.

As of March 21, 2017, the members of the Ad Hoc Committee are AMCI Group, Citadel Advisors LLC, OZ Management LP, OZ Management II LP, Solus Alternative Asset Management LP, TIG Advisors, LLC, and York Capital Management Global Advisors, LLC.

**Part 2: Identify the subject of this appeal**

1. Describe the judgment, order, or decree appealed from.

    Order (I) Approving (A) Private Placement Agreement and (B) Backstop Commitment Agreement, (II) Authorizing Debtors to Enter Into (A) Plan Support Agreement, (B) Private Placement Agreement and (C) Backstop Commitment Agreement, (III) Approving (A) Rights Offering, (B) Related Procedures and (C) Payment of Related Expenses and (IV) Granting Related Relief [D.I. 2233]

2. State the date on which the judgment, order, or decree was entered.

    January 27, 2017

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: **Debtors**

    Steven N. Cousins, MO 30788
    Susan K. Ehlers, MO 49855
    ARMSTRONG TEASDALE LLP
    7700 Forsyth Boulevard, Suite 1800
    St. Louis, MO 63105
    Telephone: (314) 621-5070

    Heather Lennox (admitted *pro hac vice*)
    JONES DAY
    North Point
    901 Lakeside Avenue
    Cleveland, OH 44114
    Telephone: (216) 586-3939

    Amy Edgy (admitted *pro hac vice*)
    Daniel T. Moss (admitted *pro hac vice*)
    JONES DAY
    51 Louisiana Avenue, N.W.
    Washington, D.C. 20001-2113
    Telephone: (202) 879-3939

2. Party: **Official Committee of Unsecured Creditors**

    Lorenzo Marinuzzi
    Jonathan I. Levine
    Jennifer L. Marines
    Daniel J. Harris
    MORRISON & FOERSTER LLP
    250 West 55th Street

- 2 -

|  |  |  |
|---|---|---|
|  |  | New York, New York 10019-9601<br>Telephone: (212) 468-8000 |
|  |  | Eric C. Peterson MO #62429<br>Sherry K. Dreisewerd MO #47908<br>Ryan C. Hardy MO #62926<br>SPENCER FANE LLP<br>1 North Brentwood Boulevard<br>Suite 1000<br>St. Louis, MO 63105<br>Telephone: (314) 863-7733 |
|  |  | Steven J. Reisman<br>Eliot Lauer<br>Peter J. Behmke<br>Cindi M. Giglio<br>CURTIS, MALLET-PREVOST, COLT & MOSLE LLP<br>101 Park Avenue<br>New York, New York 10178-0061<br>Telephone: (212) 696-6000 |
| 3. Party: | **Citibank, N.A., as Administrative Agent Under the First Lien Credit Agreement** | Lloyd A. Palans, #22650MO<br>Brian C. Walsh, #58091MO<br>Laura Uberti Hughes, #60732MO<br>BRYAN CAVE LLP<br><br>One Metropolitan Square<br>211 N. Broadway, Suite 3600<br>St. Louis, Missouri 63102<br>Telephone: (314) 259-2000<br><br>Damian S. Schaible<br>Darren S. Klein<br>Angela M. Libby<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4000 |
| 4. Party: | **Contrarian Capital Management, LLC** | Jay M. Goffman<br>Shana A. Elberg<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>Four Times Square |

- 3 -

|   |        |                              |                                                                                                                                    |
|---|--------|------------------------------|------------------------------------------------------------------------------------------------------------------------------------|
|   |        |                              | New York, New York 10036-6522<br>Telephone: (212) 735-3000                                                                          |
| 5.| Party: | **Panning Capital Management, LP** | Jay M. Goffman<br>Shana A. Elberg<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>Four Times Square<br>New York, New York 10036-6522<br>Telephone: (212) 735-3000 |
| 6.| Party: | **PointState Capital LP**    | Jay M. Goffman<br>Shana A. Elberg<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>Four Times Square<br>New York, New York 10036-6522<br>Telephone: (212) 735-3000 |
| 7.| Party: | **South Dakota Investment Council** | Jordan J. Feist<br>WOODS, FULLER, SHULTZ & SMITH P.C.<br>PO Box 5027<br>300 South Phillips Avenue, Suite 300<br>Sioux Falls, SD 57117<br>Telephone: (605) 336-3890<br><br>Norman W. Pressman (ARN 23900MO, MBE 23900)<br>GOLDSTEIN & PRESSMAN, P.C.<br>10326 Old Olive Street Road<br>St. Louis, MO 63141-5922<br>Telephone: (314) 727-1717 |
| 8.| Party: | **Aurelius Capital Management, LP** and **Elliott Management Corporation** | Gregory D. Willard, #30192MO<br>John G. Boyle, #30776MO<br>Alec L. Moen, #68279MO<br>DOSTER, ULLOM & BOYLE, LLC<br>16090 Swingley Ridge Road, Suite 620<br>St. Louis, Missouri 63017<br>Telephone: (636) 532-0042<br><br>Kenneth H. Eckstein<br>P. Bradley O'Neill<br>Stephen D. Zide<br>David E. Blabey, Jr. |

- 4 -

|   |   |   |
|---|---|---|
|   |   | Andrew M. Dove<br>KRAMER LEVIN NAFTALIS & FRANKEL LLP<br>1177 Avenue of the Americas<br>New York, New York 10036-2714<br>Telephone: (212) 715-9100 |
| 9. | Party: **Discovery Capital Management** | Stephen E. Hessler, P.C.<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 446-4974<br><br>Brian Ford<br>Melissa N. Koss<br>KIRKLAND & ELLIS LLP<br>555 California St.<br>San Francisco, CA 94104<br>Telephone: (415) 439-1655 |

**Part 4:  Optional election to have appeal heard by District Court**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

Dated: March 23, 2017          **HERREN, DARE & STREETT**

/s/ *David Dare*

David Dare #35965Mo
439 South Kirkwood Road
Suite 204
St. Louis, MO 63122
Telephone: (314) 965-3373
Facsimile: (314) 965-2225
Email: ddare@hdsstl.com

**MILBANK, TWEED, HADLEY & McCLOY LLP**

Gerard Uzzi (admitted *pro hac vice*)
Eric K. Stodola (admitted *pro hac vice*)
Alan J. Stone (admitted *pro hac vice*)
28 Liberty Street
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 822-5846
Email: guzzi@milbank.com
       estodola@milbank.com
       astone@milbank.com

Andrew M. Leblanc (admitted *pro hac vice*)
1850 K Street, NW, Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile: (202) 263-7586
Email: aleblanc@milbank.com

*Counsel for the Ad Hoc Committee
of Non-Consenting Creditors*

- 6 -

## **CERTIFICATE OF SERVICE**

The Notice of Electronic Filing indicates that all necessary parties were served with this document via the Court's CM/ECF system.

/s/ *David Dare*

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **In re:** <br><br> **PEABODY ENERGY CORPORATION.,** *et al.,* <br><br> Debtors. | Chapter 11 <br> Case No. 16-42529-399 <br> (Jointly Administered) |

**ORDER (I) APPROVING (A) PRIVATE PLACEMENT AGREEMENT
AND (B) BACKSTOP COMMITMENT AGREEMENT, (II) AUTHORIZING
DEBTORS TO ENTER INTO (A) PLAN SUPPORT AGREEMENT, (B) PRIVATE
PLACEMENT AGREEMENT AND (C) BACKSTOP COMMITMENT AGREEMENT
(III) APPROVING (A) RIGHTS OFFERING, (B) RELATED PROCEDURES
AND (C) PAYMENT OF RELATED EXPENSES AND (IV) GRANTING RELATED RELIEF**

This matter coming before the Court on the *Debtors' Motion for an Order (I) Approving (A) Private Placement Agreement and (B) Backstop Commitment Agreement; (II) Authorizing Debtors to Enter into (A) Plan Support Agreement, (B) Private Placement Agreement and (C) Backstop Commitment Agreement; (III) Approving (A) Rights Offering, (B) Related Procedures and (C) the Payment of Related Fees and Expenses and (IV) Granting Related Relief* [Docket No. 1834] (the "Motion"), pursuant to sections 105(a) and 363(b) of Title 11 of the United States Code; the Court having reviewed the Motion, related declarations and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing");[1] and the Court having made the following findings:

    (i)    the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri;

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

| | |
|---|---|
| (ii) | venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; |
| (iii) | this is a core proceeding pursuant to 28 U.S.C. § 157(b); |
| (iv) | the Debtors have provided due and proper notice of the Motion and no other or further notice need be given under Rules 9013 and 9014 of the Federal Rules of Bankruptcy Procedure and Rule 9013-3(E) of the Local Bankruptcy Rules; |
| (v) | the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; |
| (vi) | the decision to enter into the Plan Support Agreement, Private Placement Agreement and Backstop Commitment Agreement is an appropriate exercise of the Debtors' business judgment; |
| (vii) | the proposed dates and deadlines for the implementation of the Section 1145 Rights Offering, as set forth in the Section 1145 Rights Offering Procedures, are reasonable and appropriate and allow a reasonable amount of time for Rights Offering Eligible Creditors to make an informed decision regarding whether to exercise their respective subscription rights; and |
| (viii) | the legal and factual bases set forth in the Motion and related declarations and at the Hearing, establish just cause for the relief granted herein. |

It is hereby ORDERED that, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Motion is GRANTED in that:

1. Objections to the Motion that were not consensually resolved are hereby OVERRULED.

2. The Backstop Commitment Agreement and Private Placement Agreement, as modified herein, are approved in their entirety. Nothing in this Order prohibits any creditor that is not a signatory to the Plan Support Agreement or that has otherwise agreed to support the Plan from objecting to the confirmation of the Plan.

3. The Debtors are authorized to execute, deliver and implement the Plan Support Agreement in the form attached as <u>Exhibit A</u> to the Motion (as may be amended, modified or supplemented in accordance with its terms), and all exhibits and attachments thereto,

2

and to take any and all actions necessary and proper to implement the terms of the Plan Support Agreement and to perform all obligations thereunder on the conditions set forth therein.

4. The Debtors are authorized to execute, deliver and implement the Backstop Commitment Agreement substantially in the form attached as Exhibit C to the Motion (as may be amended, modified or supplemented in accordance with its terms) and all exhibits and attachments thereto, and to take any and all actions necessary and proper to implement the terms of the Backstop Commitment Agreement and to perform all obligations thereunder on the conditions set forth therein.

5. The Debtors authorized to execute, deliver and implement the Private Placement Agreement substantially in the form attached as Exhibit B to the Motion (as may be amended, modified or supplemented in accordance with its terms) and all exhibits and attachments thereto, and to take any and all actions necessary and proper to implement the terms of the Private Placement Agreement and to perform all obligations thereunder on the conditions set forth therein.

6. The Private Placement Commitment Premium, Private Placement Ticking Premium, Backstop Commitment Premium, Backstop Ticking Premium and Breakup Payments (as modified herein) (each as defined under the Backstop Commitment Agreement or Private Placement Agreement, respectively; and, collectively, the "Backstop and Private Placement Payments"), and any indemnities payable under the Backstop Commitment Agreement (the "Indemnities") are hereby approved as reasonable and shall be payable in accordance with the terms of, as applicable, the Plan Support Agreement, Private Placement Agreement and Backstop Commitment Agreement.

3

    7.  In accordance with sections 363(b), 364 and, in the case of the Second Lien Ad Hoc Committee, section 506(b) of the Bankruptcy Code, the Expense Reimbursement is approved, subject to the following:

    i.  any fees and expenses payable under the Plan Agreements will be subject to review by the United States Trustee and the Debtors for reasonableness;

    ii.  all parties seeking payment of fees and expenses under the Expense Reimbursement will submit applicable invoices (an "<u>Expense Reimbursement Request</u>") to the Debtors and the United States Trustee, and the Debtors and United States Trustee will have 15 days from their receipt of an Expense Reimbursement Request to object to such request;

    iii.  obligations arising under the Expense Reimbursement will be limited to reasonable and documented fees and expenses incurred (a) from and after September 1, 2016; <u>provided</u>, <u>however</u>, Expense Reimbursements sought by members of the Second Lien Ad Hoc Committee may have accrued on or before September 1, 2016; and (b) in connection with mediation, negotiation, documentation and prosecution of the Plan and other related matters.

    8.  The Backstop and Private Placement Payments, Expense Reimbursements and Indemnities (collectively, the "<u>Payments and Expenses</u>") are actual and necessary costs of preserving the Debtors' estates, and to extent any such Payments and Expenses become due and payable under, as applicable, the Plan Support Agreement, Private Placement Agreement and Backstop Commitment Agreement will be treated in accordance with the terms of this Order (including paragraph 7 above and as follows):

    (a)  The Expense Reimbursement payable under the Term Sheet shall be entitled to administrative expense priority, and the Breakup Payments payable under the Term Sheet shall be entitled to superpriority administrative expense priority junior to any superpriority claims granted under the Final DIP Order (including any adequate protection claims in respect of holders of First Lien Claims or Second Lien Claims) and any claims to which such superpriority claims are themselves junior (including the Bonding Carve Out (as defined in the Final DIP Order) and the Fee Carve Out (as defined in the Final DIP Order)), subject to the following:

4

(b) If the Debtors are unable to confirm the Plan under section 1129 of the Bankruptcy Code for any reason other than the pendency of an alternate chapter 11 plan, and no alternate plan is confirmed for 6 months thereafter, the Breakup Payments payable to the Noteholder Co-Proponents will be reduced to $35 million in the aggregate.

(c) In the event of a First Lien Full Cash Recovery under a plan or consummation of a plan that provides any combination of cash and first lien notes (on terms no less favorable than the terms of the Replacement Secured First Lien Term Loan as set forth on Exhibit 1 of the Term Sheet, including no greater amount of first lien notes than would be issued in accordance with Exhibit 1 of the Term Sheet) that is equal to the allowed amount of the First Lien Lender Claims, then such fees shall be paid in cash on the Effective Date of such plan;

(d) In the event the conditions set forth in subsection (a) do not occur, then the Breakup Payments and the administrative expense claim on account of such Breakup Payments shall be payable on the effective date of such plan in second lien notes with a face amount equal to the amount of the fees which are on terms consistent with the terms of the New Second Lien Notes set forth in Exhibit 2 of the Term Sheet; provided that, (i) such New Second Lien Notes shall be subordinated to any debt received by Class 1 as a distribution on substantially the same terms as the existing Intercreditor Agreement governing the First Lien Claims and Second Lien Claims, and (ii) to the extent Class 2 shall receive any New Second Lien Notes, the second lien notes shall be subordinated in a chapter 11 or liquidation to such Class 2 holder's New Second Lien Notes.[2]

(e) Nothing in this Order affects the obligations of the Debtors to reimburse any reasonable fees or expenses required under the Final DIP Order, or the terms of submission and review set forth therein. For the avoidance of doubt, nothing in this Order shall affect the ability of any party to seek fees and expenses under any applicable provision of the Bankruptcy Code or otherwise.

9. The Debtors are authorized to offer, sell, distribute, pay and/or reimburse, as applicable, the Backstop and Private Placement Fees, Expense Reimbursement (as modified herein) and Indemnities in accordance with the terms of the Backstop Commitment Agreement and Private Placement Agreement (both as modified herein); provided, that upon entry of this

---

[2] With respect to paragraph 6 of this Order, terms not otherwise defined in paragraph 6 of this Order or the Motion have the meanings given to such terms in the term sheet attached as Ex. 1 to the Plan Support Agreement (the "Term Sheet").

5

Order and the receipt of reasonable documentation, the Debtors shall promptly pay any amounts then owing on account of the Expense Reimbursement in accordance with the terms of the Backstop Commitment Agreement and Private Placement Agreement and this Order.  No recipient of the Expense Reimbursement shall be required to file with respect thereto any interim or final fee application with the Court.

        10.    The Payments and Expenses shall not be discharged, modified or otherwise affected by any chapter 11 plan of the Debtors, dismissal of these cases, or conversion of these chapter 11 cases to chapter 7 cases, nor shall any of such amounts be required to be disgorged upon the reversal or modification on appeal of this Order.

        11.    The Debtors are authorized, but not directed, to enter into amendments to the Backstop Commitment Agreement and Private Placement Agreement from time to time as necessary, subject solely to the terms and conditions set forth in the Backstop Commitment Agreement and Private Placement Agreement and this Order, without further order of the Court.

        12.    Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

        13.    The Debtors are authorized to conduct the Section 1145 Rights Offering in accordance with the Section 1145 Rights Offering Procedures.

        14.    The form of Rights Offering Procedures attached as <u>Exhibit D</u> to the Motion provide sufficient information to allow Rights Offering Eligible Creditors to participate in the Section 1145 Rights Offering.

        15.    The proposed dates and deadlines for the implementation of the Section 1145 Rights Offering, as set forth in the Section 1145 Rights Offering Procedures, are hereby approved.

6

16. The Debtors' designation of Kurtzman Carson Consultants LLC as the Subscription Agent is hereby approved.

17. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

19. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

20. No later than two (2) days after the entry of this Order, the Claims and Noticing Agent is directed to serve a copy of the Order and file a certificate of service no later than 24 hours after service.

DATED: January 27, 2017
St. Louis, Missouri

cke

Barry S. Schermer
United States Bankruptcy Judge

7

Submitted by:

Steven N. Cousins, MO 30788
Susan K. Ehlers, MO 49855
Armstrong Teasdale LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO  63105

Heather Lennox (admitted *pro hac vice*)
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114

Amy Edgy (admitted *pro hac vice*)
Daniel T. Moss (admitted *pro hac vice*)
Jones Day
51 Louisiana Avenue, N.W.

*Attorneys for Debtors and
Debtors in Possession*